UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. _____

BEDABOX LLC D/B/A SHIPMONK
INTERMEDIATE INC., a Florida Limited
Liability Company

      Plaintiff,

v.

TASTE OF INK, a California limited liability
company,

      Defendant.

_____/

# COMPLAINT

Plaintiff, BEDABOX LLC D/B/A SHIPMONK INTERMEDIATE INC., a Florida Limited Liability Company ("ShipMonk" or "Plaintiff"), by and through its undersigned counsel, hereby sues Defendant, TASTE OF INK, a California corporation ("Defendant or "TOI"), and alleges as follows:

## Nature of the Case

1.    This action arises out of TOI's breach of the Service Agreement entered into between ShipMonk and TOI on July 14, 2021.

2.    As TOI has refused to remit payments due under the Service Agreement for services rendered by ShipMonk, in adherence with said agreement, ShipMonk now brings claims against TOI for breach of contract, breach of implied covenant of good faith and fair dealing, and unjust enrichment in the alternative.

72789821;2

**Parties, Jurisdiction, and Venue**

3. Plaintiff BEDABOX LLC d/b/a SHIPMONK is a Florida Limited Liability Company. Plaintiff is a wholly owned subsidiary of ShipMonk Intermediate Inc., which has its principal place of business in Broward County, Florida and is organized under the laws of Delaware.

4. Upon information and belief, Defendant, TOI, is a California Limited Liability Company with its principal place of business located in Santa Ana, California, and its members are individuals, who are citizens of California.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(2), as the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and this action is between a Florida Limited Liability Company, whose sole member is a citizen of Florida and Delaware, and a foreign limited liability company, whose members are citizens of California.

6. There is complete diversity of citizenship between Plaintiff and Defendant.

7. This Court has personal jurisdiction over Defendant pursuant to Section 48.193, Florida Statutes, because Defendant: (i) entered into a contract in Florida; (ii) caused injury to persons within the State of Florida arising out of an act or omission by Defendant outside this state; (iii) breached a contract within the State of Florida by failing to perform acts required by the contract to be performed in Florida; and (iv) engaged in substantial and not isolated activity within the State of Florida.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to this action occurred in this district.

72789821;2

9. Further, venue is proper in this district as the parties agreement, which give rise to the claims herein, provides that the "parties consent to the exclusive jurisdiction of, and venue in, the state and federal courts within Broward County, Florida."

10. All conditions precedent to the prosecution of this action have been satisfied, fulfilled, extinguished, waived, or otherwise excused.

### General Allegations

11. ShipMonk is an innovative tech fulfillment provider with facilities around the United States and Europe. ShipMonk provides its customers with warehousing, ecommerce fulfillment, and kitting, among other services.

12. In entering into business with respective clients, ShipMonk generally enters into a "Service Agreement" with its clients, which is the master agreement governing the terms with each respective client.

13. TOI is a vertically integrated merchandise company specializing in design services, large scale production, third-party logistics, and fulfillment for the entertainment industry.

14. On July 14, 2021, ShipMonk and TOI entered into a Service Agreement. A true and correct copy of the Service Agreement is attached hereto as **Exhibit A.**

15. The Service Agreement provided, in Exhibit A ShipMonk Pricing, that TOI had a minimum monthly pick fee which was the greater of $10,400 or TOI's monthly storage fee. *See* **Exhibit A** at p. 23.

16. Prior to onboarding, TOI advised ShipMonk that it was an "apparel printing and manufacturing company" that needed "custom packing." TOI did not advise that it needed shipment for vinyl records and/or posters. As such, all onboard instructions and policies were not directed to special shipping for vinyl records and/or posters.

17. On September 14, 2021, TOI raised concerns regarding shipments using media mail, shipment costs based upon dimensions, and shipments of vinyl records. TOI requested a reimbursement for the cost of goods of the product, pick/pack costs, packaging cost, and shipping costs for all Good Faith Vinyl & Good Faith Posters ShipMonk shipped.

18. In response, on September 16, 2021, ShipMonk requested proof of damages associated with the orders, and noted that its system did not reflect any claims filed by TOI. Further, ShipMonk stated it provided credits to TOI's account in the amount of $284 for a shipment that missed a target delivery date. ShipMonk advised that it had an individual in the warehouse working with the operations team to ensure that everything was re-cubiscanned with proper weights and dimensions to ensure no other issues would occur moving forward.

19. On December 8, 2021, TOI contacted ShipMonk threatening to engage legal counsel if their credit requests were not resolved within five (5) business days. TOI referenced Paragraph 6.6 of the Service Agreement which provided:

> **6.6 Account Balance Disputes.** If ShipMonk becomes aware of, or is notified of, a dispute relating to the Account Balance, then ShipMonk will promptly review the dispute. Within five business days <u>after the resolution of the dispute</u>, ShipMonk will forward a bill for outstanding amounts due, or will credit the Account Balance accordingly, if appropriate.

**Exhibit A** at ¶ 6.6 (emphasis added).

20. On January 13, 2022, TOI raised additional concerns regarding the shipping of vinyl records to its customers. TOI alleged that it had marked vinyl records as fragile and marked posters as box, yet neither were adhered to. Further, TOI alleged that ShipMonk failed to use media mail and, instead, utilized more expensive shipping. TOI requested that ShipMonk ship the outstanding orders at <u>no cost to TOI</u> and stated, if ShipMonk agreed, that it would not get legal involved.

21. On January 23, 2022, ShipMonk contacted TOI regarding TOI's request that ShipMonk excuse any money owed on the TOI account, and ship TOI's remaining orders at ShipMonk's cost.

22. On January 24, 2022, ShipMonk confirmed it was unable to do so. ShipMonk provided the following breakdown of the financial obligations and credits to TOI's account:

> The current outstanding balance must be paid for any additional orders to be processed.
>
> Below is a summary of financial obligations and potential credits:
>
> $62,400 Contractual minimum remaining
> $13,130 Current balance outstanding
> ($4883.41) Credit for shipping in too large boxes and packaging
> $70,646.59 Balance due to terminate contract
>
> ($2911) Additional credit (good faith credit if balance due is paid)
> $67,735.59  Net balance due to terminate contract

23. Despite ShipMonk's attempts to maintain the parties' relationship, TOI refused to meet its contractual obligations (even to the extent that ShipMonk was offering, in good faith, to provide credits to TOI's outstanding balance).

24. As a result, ShipMonk ceased processing and shipping efforts of TOI's inventory—in accordance with the Service Agreement.[1]

25. On February 16, 2022, TOI responded to ShipMonk alleging that ShipMonk breached the Service Agreement in various ways. In short, TOI alleged that ShipMonk: (1) failed to properly package and ship TOI's products thereby causing TOI to lose two major customers,[2]

---

[1] Pursuant to Paragraph 6.8 of the Service Agreement "ShipMonk reserves the right to cease shipping orders for a number reasons, including but not limited to the following: A. Account Balance remaining unpaid within 30 days of receipt of invoice[.]" Exhibit A at ¶ 6.8.

[2] Notably, the Service Agreement contains the following limitation of liability Paragraph regarding losses associated with third-parties:

> **11.1 NO LIABILITY FOR CONSEQUENTIAL OR INDIRECT DAMAGES THIRD PARTY LIABILITY**. EXCEPT FOR LIABILITY FOR INDEMNIFICATION AND LIABILITY FOR BREACH OF CONFIDENTIALITY, NEITHER SHIPMONK NOR ITS

5

(2) employed unprotective packaging or oversized packaging causing TOI to overpay ShipMonk, (3) improperly entered merchandise into ShipMonk's system which led to thousands of unshipped orders and the termination of TOI with its client, and (4) failed to ship merchandise in a timely manner. TOI alleged these deficiencies were in breach of the Services Agreement, Paragraphs 3.1-3.3.

26. On March 4, 2022, ShipMonk responded to TOI's claims noting that TOI did not mention, prior to or during the onboarding of TOI's account, that it sells posters or vinyl records. Therefore, at the outset of the parties' relationship, there was no mention of TOI's need for ShipMonk to use certain special packaging. Further, numerous items were not marked by TOI as fragile as required by ShipMonk to ensure usage of specialized packaging. ShipMonk flagged various other issues in its response letter including offering a credit to TOI, which was not accepted; the alleged issues and losses of TOI's customers were due to internal TOI issues; and TOI not complying with ShipMonk's receiving guidelines, which lead to receiving delays.

---

REPRESENTATIVES IS LIABLE FOR ANY INDIRECT, INCIDENTAL, SPECIAL, CONSEQUENTIAL, EXEMPLARY, PUNITIVE OR ENHANCED DAMAGES, <u>OR DAMAGES FOR LOSS, LOSS OF PROFITS, REVENUE, DATA OR USE, INCURRED BY COMPANY OR ANY THIRD PARTY, WHETHER IN AN ACTION IN CONTRACT OR TORT, ARISING OUT OF OR RELATING TO ANY BREACH OF THIS AGREEMENT</u>, WHETHER OR NOT THE POSSIBILITY OF SUCH DAMAGES HAS BEEN DISCLOSED IN ADVANCE BY SHIPMONK/ OR COULD HAVE BEEN REASONABLY FORESEEN BY SHIPMONK, REGARDLESS OF THE LEGAL OR EQUITABLE THEORY (CONTRACT, TORT OR OTHERWISE) UPON WHICH THE CLAIM IS BASED, AND NOTWITHSTANDING THE FAILURE OF ANY AGREED OR OTHER REMEDY OF ITS ESSENTIAL PURPOSE. OTHER THAN AS SET FORTH BELOW, IN NO EVENT SHALL SHIPMONK'S LIABILITY UNDER THIS AGREEMENT EXCEED THE MONIES PAID OR PAYABLE BY COMPANY TO SHIPMONK EXCLUDING CARRIER FEES OR OTHER THIRD PARTY FEES ("DAMAGES CAP"). SHIPMONK MUST BE NOTIFIED WITHIN FIVE (5) DAYS AFTER ANY UNAUTHORIZED TRANSACTION OR COMPANY WAIVE ALL DAMAGES FROM SHIPMONK.

**Exhibit A** at ¶11.1 (emphasis added).

27. On July 26, 2022, Mr. Hunt, attorney for TOI, indicated that TOI had "shut down" and retained bankruptcy counsel. However, to date and upon information and belief, no bankruptcy petition or other similar proceeding has been filed on behalf of TOI in any court.

28. On January 24, 2023, ShipMonk's counsel contacted TOI regarding the purported bankruptcy and demanded that the current outstanding amount, at which time totaled $71,484.31, be remitted to ShipMonk within thirty (30) days of receiving the letter.

29. On January 24, 2023, TOI again claimed it was "no longer operating and shut its doors on December 21, 2021." Further, TOI alleged the Service Agreement had been terminated on or about October 2021.

30. To date, upon information and belief, TOI has not commenced any bankruptcy proceedings. Nor has TOI provided any proof of the purported termination of the Service Agreement as required by Paragraph 6.9.[3]

31. From January 2022 to July 2023, TOI failed to make any payments in adherence with the Service Agreement.

32. Accordingly, TOI failed to make payments and, therefore, was in breach of the Service Agreement.

33. To date, TOI currently owes ShipMonk approximately $221,060.59. The current statement of TOI's account is attached hereto as **Exhibit B.**

34. Due to TOI's actions, it has been necessary for ShipMonk to engage attorneys to file and prosecute this action, for which ShipMonk will incur costs, attorneys' fees, as well as other expenses.

---

[3] Paragraph 6.9 of the Service Agreement provides: "Either party may terminate this Agreement upon thirty (30) days' notice to the other party in the event of a breach by the other party of any provision of this Agreement if the breaching party fails to cure such breach during the 30 day period; … In the event ShipMonk breaches the obligations of this agreement at any time during the Term, Company must notify ShipMonk in writing." *See* **Exhibit A** at ¶6.9.

## COUNT I—BREACH OF CONTRACT
### (Failure to Adhere to Paragraph 6.9 of the Service Agreement)

35. ShipMonk realleges and incorporates paragraphs 1 through 34 above, as if set forth herein.

36. ShipMonk and TOI entered into a valid contract on July 14, 2021 as reflected by the Service Agreement. *See* **Exhibit A.**

37. Pursuant to the Service Agreement, Paragraph 6.9 provides:

> **6.9 Termination for Breach.** Either party may terminate this Agreement upon thirty (30) days' notice to the other party in the event of a breach by the other party of any provision of this Agreement if the breaching party fails to cure such breach during the 30 day period; *provided*, that ShipMonk may terminate this Agreement immediately upon notice to Client for fraudulent, abusive or illegal activity. Upon the expiration of the 30 day cure period, a 30 day wind down of the Company Account shall commence ("Termination Notice Period"). Company shall have full use of the Account during the Termination Notice Period for the sole purpose of winding down its use of the account in a commercially reasonable manner. Any Product inventory that remains in ShipMonk's inventory at the expiration of the Termination Notice Period will be shipped to Company at the address on file and, if address is not on file, the billing address on Company's credit card, at Company's expense. If no address is available or no balance is available to pay for shipment back to the Company, ShipMonk will liquidate the Product inventory in accordance with an Abandoned Account.
>
> In the event ShipMonk breaches the obligations of this agreement at any time during the Term, Company must notify ShipMonk in writing. If ShipMonk fails to cure within sixty (60) days following receipt of notice, excluding peak periods as defined in Section 3.4, Company shall, within ten (10) days following the cure period be permitted to cancel this agreement. Damages are not applicable if ShipMonk terminates this agreement due to failure to perform or breach of contract by Company.

**Exhibit A** at ¶6.9 (emphasis added).

38. ShipMonk adhered to the conditions under the Service Agreement in providing all agreed upon services.

39. TOI failed to provide notice, let alone thirty (30) days' notice, of its termination as required by the Service Agreement.

40. Further, TOI failed to provide ShipMonk with an opportunity to cure its purported breach during the thirty (30) day period.

41. Accordingly, TOI has materially breached Paragraph 6.9 of the Service Agreement.

42. As a direct and proximate result of TOI's breach of the Service Agreement, ShipMonk has suffered, and will continue to suffer, damages, including, but not limited to the amount owed under both accounts in the amount of $221,060.59, the minimum monthly pick fees owed under said agreement, and incidental and consequential damages.

43. ShipMonk has fulfilled its obligations under the Service Agreement.

WHEREFORE, Plaintiff, BEDABOX LLC D/B/A SHIPMONK, respectfully requests that this Court enter judgment against Defendant, TASTE OF INK, LLC, awarding Plaintiff damages in an amount to be determined at trial, including the minimum monthly pick fees owed under each of the respective agreements, pre-judgment and post-judgment interest accrued on the award that is available under the applicable law, costs, attorneys' fees and such other and further relief as this Court deems just and equitable.

**COUNT II—BREACH OF CONTRACT**
**(Failure to Remit Payment under the Service Agreement)**

44. ShipMonk realleges and incorporates paragraphs 1 through 43 above, as if set forth herein.

45. ShipMonk and TOI entered into a valid contract on July 14, 2021 as reflected by the Service Agreement. *See* **Exhibit A.**

46. Pursuant to the Service Agreement, ShipMonk use a "pay as you go" model in which TOI will be provided invoices at the end of each two (2) week billing period. *See* **Exhibit A** at ¶4.1.

47. Further, pursuant to the Service Agreement, TOI was responsible to pay for a minimum monthly pick fee which was the greater of $10,400 or its monthly storage fee. *See* **Exhibit A** at p. 23.

48. ShipMonk adhered to the conditions under the Service Agreement in providing all agreed upon services.

49. TOI began receiving invoices in December 2021.

50. TOI failed to make any payments pursuant to the Service Agreement. A true and correct copy of the outstanding invoices are attached hereto as **Composite Exhibit C.**

51. Accordingly, TOI has materially breached the terms of the Service Agreement.

52. As a direct and proximate result of TOI's breach of the Service Agreement, ShipMonk has suffered, and will continue to suffer, damages, including, but not limited to the amount owed under both accounts in the amount of $221,060.59, the minimum monthly pick fees owed under said agreement, and incidental and consequential damages.

53. ShipMonk has fulfilled its obligations under the Service Agreement.

WHEREFORE, Plaintiff, BEDABOX LLC D/B/A SHIPMONK, respectfully requests that this Court enter judgment against Defendant, TASTE OF INK, LLC, awarding Plaintiff damages in an amount to be determined at trial, including the minimum monthly pick fees owed under each of the respective agreements, pre-judgment and post-judgment interest accrued on the award that is available under the applicable law, costs, attorneys' fees and such other and further relief as this Court deems just and equitable.

## COUNT III—BREACH OF IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

54. ShipMonk realleges and incorporates paragraphs 1 through 53 above, as if set forth herein.

55. TOI is bound by an implied covenant of good faith and fair dealing with respect to the Service Agreement.

56. Specifically, pursuant to the Service Agreement:

> **6.5 Usage Fee Disputes**. Should Company disagree with any Usage Fees (other than carrier or third-party fees) invoiced or charged against the Account, Company must submit written notice to ShipMonk within 30 days of the fee being charged ("Dispute Period"). ShipMonk will not review customer requests for Usage Fee adjustments that are received after the Dispute Period.
>
> **6.6 Account Balance Disputes**. If ShipMonk becomes aware of, or is notified of, a dispute relating to the Account Balance, then ShipMonk will promptly review the dispute. Within five business days after the resolution of the dispute, ShipMonk will forward a bill for outstanding amounts due, or will credit the Account Balance accordingly, if appropriate.

See **Exhibit A** at ¶¶6.5-6.6.

57. Both of the aforementioned paragraphs are intended to allow the parties an opportunity to resolve issues in good faith and to continue their business relationship without issue.

58. TOI breached its duties of good faith and fair dealing by failing to properly dispute the balances due under the Service Agreement in accordance with Paragraphs 6.5 and 6.6. Namely, TOI did not provide the necessary written notice within the thirty (30) days. Nor did TOI allow ShipMonk to properly resolve any of the claimed issues and provide a new bill, reflecting the credits, within five (5) days **after the resolution**.

59. TOI's failure to adhere to these provisions are in essence a breach of its implied duty of good faith and fair dealing and, said breach, has caused ShipMonk damages in the amount $221,060.59.

60. ShipMonk has been required to hire an attorney in this matter to whom it is obligated to pay a reasonable fee.

WHEREFORE, Plaintiff, BEDABOX LLC D/B/A SHIPMONK, respectfully requests that this Court enter judgment against Defendant, TASTE OF INK, LLC, awarding Plaintiff damages in an amount to be determined at trial, including the minimum monthly pick fees owed under each of the respective agreements, pre-judgment and post-judgment interest accrued on the award that is available under the applicable law, costs, attorneys' fees and such other and further relief as this Court deems just and equitable.

### COUNT IV—UNJUST ENRICHMENT (IN THE ALTERNATIVE)

61. ShipMonk realleges and incorporates paragraphs 1 through 60 above, as if set forth herein.

62. This Count for unjust enrichment is pled in the alternative to ShipMonk's breach of contract claims against TOI.

63. ShipMonk conferred a benefit on TOI by providing services including, but not limited to, warehousing, ecommerce fulfillment, and kitting.

64. TOI voluntarily accepted and retained the benefit of the services rendered by ShipMonk for years.

65. TOI has not paid any value for the services rendered by ShipMonk for which ShipMonk has provided TOI invoices for. The total of which is no less than $221,060.59.

66. Under these circumstances, equity and good conscience dictate that TOI should not be permitted to retain the benefits conferred by ShipMonk upon TOI without repaying the value thereof.

67. ShipMonk is without an adequate remedy at law to remedy the situation.

WHEREFORE, Plaintiff, BEDABOX LLC D/B/A SHIPMONK, respectfully requests that this Court enter judgment against Defendant, TASTE OF INK LLC, awarding Plaintiff damages in an amount to be determined at trial, including the minimum monthly pick fees owed under each of the respective agreements, pre-judgment and post-judgment interest accrued on the award that is available under the applicable law, costs, attorneys' fees and such other and further relief as this Court deems just and equitable.

## JURY DEMAND

ShipMonk hereby requests a trial by jury on all issues so triable.

DATED: October 24, 2023

Respectfully submitted,

*/s/ Nicole Villamar*
Nicole Villamar, Esq.
Florida Bar Number: 1010639
Email: nicole.villamar@akerman.com
Email: Wendy.Gonzalez@akerman.com
AKERMAN LLP
201 E. Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL  33301
Phone:  (954) 463-2700
Fax:  (954) 463-2224

-and-

72789821;2

Scott M. Kessler (pro hac vice to be submitted)
New York Bar No. 4242905
AKERMAN LLP
1251 Avenue of the Americas
37th Floor
New York, NY 10020
Email: scott.kessler@akerman.com